CORDELIA M. STRICKLAND *vs.* FRED O. HAMLIN.

Kennebec.   Opinion December 21, 1894.

*Contract. Payment. Wages. R. S., c. 111, § 1.*

To an action by a married woman to recover wages for her personal labor, not rendered in the family of her husband, the defendant pleaded payment by the sale of a horse to her and her husband jointly, and that as a consideration for the sale she agreed that her wages might be applied in payment for the horse.

An instruction to the jury that, if there was a joint purchase of the horse, the defendant might apply the plaintiff's wages in payment therefor, was *held* correct.

*Held*; If the sale of the horse was not made jointly to the plaintiff and her husband, any mere voluntary assent by her afterwards, not in writing, that her wages might be so applied, would not bind her.

Instructions already given need not be repeated.

The plaintiff having obtained a verdict of the jury in this action tried in the Superior Court, for Kennebec county, the defendant took exceptions which are stated in the opinion.

*Chas. F. Johnson*, for plaintiff.
*F. A. Waldron*, for defendant.

SITTING : PETERS, C. J., WALTON, FOSTER, HASKELL, WHITE-HOUSE, STROUT, JJ.

HASKELL, J. Assumpsit by a married woman to recover a balance of twenty dollars, wages for her personal labor not rendered in the family of her husband.

Defense, payment by the sale of a horse to herself and husband jointly, and that, as a consideration for the sale, she agreed that her wages might be applied in payment for the horse. The evidence is not reported, and the most the defendant can claim is correct instructions upon the issue above stated.

The following instructions are excepted to by defendant :

I. In substance, that if there was a joint purchase of the horse the defendant might apply plaintiff's wages in payment therefor. Manifestly correct.

II. That, if the sale of the horse was not made jointly to the plaintiff and her husband, any mere voluntary assent by her afterwards, not in writing, that her wages might be applied to payment for the horse previously sold to her husband, would not bind her by reason of the statute of frauds, R. S., c. 111, § 1, requiring such contracts to be in writing and signed by the party to be charged thereby. The case does not show but that the wages sought to be so applied were to be earned in the future. It must be presumed, therefore, that they were, in which case the statute would apply. That would be purely a promise to pay the debt of another by future labor.

The following requested instructions were refused, and the refusal excepted to :

I. "If the plaintiff, at the time the defendant sold the team, either to the plaintiff, or to the plaintiff and her husband, con-sented that her wages might go in payment of that team, then

she would be bound by that agreement, even though it were not in writing."

This instruction had already been given and need not be repeated. Of course, if the sale was to her, she must pay ; if to her and her husband jointly, then she must likewise pay, and the jury were so told in the first instruction, *supra*. The case does not intimate any evidence that the sale was to her alone.

II. "That the plaintiff is bound by the credits given in the bill," meaning her account annexed to the writ. Nothing appears to the contrary. They probably were allowed her. The Judge added : "As I have already instructed you, gentlemen, I do not think it necessary to multiply words. The amount claimed here is a balance of twenty dollars, and you cannot in any event find for more than that." We think so, too.

*Exceptions overruled.*